# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WHITE, an individual,** | |
| **Plaintiff,** | Case No. _____ |
| v. | |
| **LYFT, INC., a corporation, WILLIAM ROBERTSON, an individual,** | |
| **Defendants.** | |

_____

## COMPLAINT
_____

COMES NOW the Plaintiff, James White, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### I.  PARTIES

1. The Plaintiff, James White, is over the age of nineteen (19) years and a resident of the State of Florida.

2. The Defendant, Lyft, Inc., is a corporation incorporated in the State of Alabama.

3. The Defendant, William Robertson, is over the age of nineteen (19) years and a resident of the State of Alabama.

## II.   JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff James White is a citizen of the State of Florida and the Defendants Lyft, Inc. and William Robertson are citizens of the State of Alabama, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests and costs.

5. The United States District Court for the Northern District of Alabama Southern Division is the proper venue for this civil action pursuant to §1391(b)(3).

## III.   FACTS

6. Plaintiff avers that on October 26, 2019 on a public highway, to-wit: Interstate Twenty at the intersection of First Avenue South and Oporto-Madrid Blvd. in Jefferson County, Alabama, the Defendant William Robertson negligently or wantonly permitted, allowed or caused the motor vehicle occupied by James White to collide with another motor vehicle.

7. Plaintiff avers that on October 26, 2019 at the time of the accident Defendant William Robertson, while acting in the line and scope of his employment with Lyft, Inc., was under a duty at the time of the incident forming the basis of the Plaintiff's Complaint to refrain from negligent driving practices.

8.  Defendant William Robertson, while acting in the line and scope of his employment with Defendant Lyft, Inc., breached his duty by negligently and/or wantonly driving a vehicle on its behalf, causing and/or allowing his vehicle, occupied by the Plaintiff James White, to collide with another motor vehicle on Interstate Twenty in Jefferson County, Alabama.

## IV.   CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE

Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

9.  At all times relevant hereto, Defendant William Robertson owed Plaintiff James White a duty to exercise ordinary or reasonable care in operating a motor vehicle upon public roadways.

10. As a direct or proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff, James White, was caused to suffer the following injuries and damages:

    (a)  he was caused to suffer physical pain and mental anguish;

    (b)  he was caused to seek medical treatment and was prevented from going about his normal activities;

    (c)  he was permanently injured;

(d) he was caused to incur medical expenses to treat and cure his injuries;

(e) he was caused to lose wages both past and future; and

(f) he was caused to be injured and damaged, all to his detriment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff James White requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants William Robertson and Lyft, Inc. *jointly and severally,* for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT II
## RESPONDEAT SUPERIOR

Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

11. Plaintiff avers that on October 26, 2019, at the time of the occurrence forming the basis of Plaintiff's Complaint, the Defendant Lyft, Inc. was the principal

and/or employer of Defendant William Robertson. Plaintiff avers that the Defendant William Robertson was acting as the agent, servant and/or employee of Lyft, Inc.

12. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the Defendant William Robertson was acting in the line and scope of his employment with the Defendant Lyft, Inc. and was operating a vehicle in furtherance of the business purposes of the Defendant Lyft, Inc.

13. As a result of the foregoing, Defendant Lyft, Inc. is *vicariously liable* to Plaintiff James White, for the negligent and wanton conduct of Defendant William Robertson that proximately caused the Plaintiff's injuries.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff James White requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants William Robertson and Lyft, Inc. *jointly and severally,* for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT III
## NEGLIGENT/WANTON HIRING, TRAINING AND/OR RETENTION

Plaintiff re-adopts and re-alleges the preceding paragraphs as if fully set forth herein.

14. At the time of the occurrence forming the basis of Plaintiff's Complaint, Defendant William Robertson was acting as the agent, servant and/or employee of Defendant Lyft, Inc.

15. Defendant Lyft, Inc. hired Defendant William Robertson as an employee with actual knowledge that Defendant William Robertson would be responsible for operating a motor vehicle on public roadways within the line and scope of his employment.

16. As Defendant William Robertson's principal and/or employer, Defendant Lyft, Inc. had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

17. Upon information and belief Defendant Lyft, Inc. negligently or wantonly hired, trained and supervised Defendant William Robertson in that it failed to ascertain whether Defendant William Robertson was a safe and skillful driver, failed to adequately train Defendant William Robertson in the safe operation of a motor vehicle and failed to properly supervise Defendant William Robertson in the operation of a motor vehicle.

18. As a proximate consequence thereof, Plaintiff James White was injured.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff James White requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants William Robertson and Lyft, Inc. *jointly and severally*, for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## V.   JURY DEMAND

19. Plaintiff demands a trial by struck jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff James White requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants William Robertson and Lyft, Inc. *jointly and severally*, for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future. Furthermore, the

Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

Respectfully submitted this the 13th day of October, 2021.

/s/ Kirby D. Farris
Kirby D. Farris (ASB-2224-R78K)
**FARRIS, RILEY & PITT, L.L.P.**
1700 The Financial Center
505 20th Street North
Birmingham, AL 35203
P: (205) 324-1212
kfarris@frplegal.com

---

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

Lyft, Inc.
c/o Corporation Service Company, Inc.
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

William Robertson
909 30th Street South
Birmingham, Alabama 36106